Hon. William A. Kelly County Attorney, Ulster County
We acknowledge receipt of your letter from which it appears that the owner of commercial property upon which the taxes, commencing with the year 1972, have not been paid, has requested permission to pay those arrears over a period of several years while at the same time paying current taxes as the same become due. The suggestion would result in an arrangement under which the premises would not be sold by the county treasurer for delinquent taxes. You request our opinion whether such an arrangement may be entered into between the county and the owner of the property.
The New York State Constitution, Article VIII, § 1 provides, in part, as follows:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking * * * nor shall any county, city, town, village or school district give or loan its credit to or in aid of any individual, or public or private corporation or association, or private undertaking * * *."
The arrangement you describe would violate the above constitutional prohibition.
In our opinion, a county is prohibited from entering into an agreement with the owner of commercial real property not to sell the premises at tax sale if installment payments of past-due taxes are made by the owner over a period of several years until all delinquent and current taxes are paid.
You state that the property owner points out that a tax sale of the property would mean discontinuance of the business with consequent diminution in employment of local residents. We note that following a tax sale there is a long period of redemption during which the owner may continue to occupy the premises. During the period of redemption the income from commercial use of the property may be sufficient to pay the tax for which the property was sold and ultimately, in spite of several successive tax sales, all delinquent and current taxes may be paid. It is entirely possible that during this period normal financing may be found which will allow the property owner to get on a current basis.
Special investigators employed by a county Department of Social Services need not give Miranda warnings before interviewing a welfare recipient suspected of fraud.
Dated: September 13, 1978
Hon. Joseph J. Ryan Franklyn County District Attorney
This is in response to your letter requesting an opinion from the Attorney General as to whether an investigator employed by the Franklin County Department of Social Services must give Miranda type warnings before interviewing a welfare recipient suspected of possible fraud. You state that the social services investigator is neither a police officer nor is he an agent for a police officer. You further state that if the investigator believes there is probable cause to file a complaint the entire file is forwarded to your office for appropriate action.
The holding of Miranda v. Arizona, 384 U.S. 436 (1966) only applies to custodial police interrogation which is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way"384 US at 444.
In Oregon v. Mathiason, 429 U.S. 492 (1977), a suspect voluntarily went to the police station, was advised he was not under arrest, was told he was a suspect, and was then questioned in an office with the door closed. The Supreme Court held that these facts did not constitute custodial interrogation and that Miranda warnings were not required.
In Beckwith v. United States, 425 U.S. 341 (1975), the Supreme Court held that special agents from the Intelligence Division of the Internal Revenue Service need not give Miranda warnings to taxpayers who are the "focus" of a criminal investigation. While the court's decision was based upon the fact that the taxpayer was not in custody, the court did recognize that in some situations, by virtue of some special circumstances, a noncustodial interrogation could raise an issue as to the voluntariness of the confession.
Finally, in People v. Rosen, 89 Misc.2d 51 (Sup Ct, Suffolk County, 1977), a New York trial court, relying on Beckwith, held that investigators from the Suffolk County Department of Social Services need not give Miranda warnings to welfare recipients.
From the above-cited cases, we concluded that special investigators employed by the Franklin County Department of Social Services need not give Miranda warnings before interviewing a welfare recipient who is suspected of possible fraud. While these Miranda warnings are not required, they may nonetheless be useful in proving that the welfare recipient's confession was voluntary and that the questioning was not coercive (425 U.S. 341 at 348).